**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Stephen J. Emanouil[1]

   v.                                        Civil No. 07-cv-162-PB

Jennie A. Barker


**REPORT AND RECOMMENDATION**

Pro se petitioner Stephen J. Emanouil has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking custody and visitation rights with regard to his minor son, Ethan W. Emanouil (document no. 1). Named as the respondent is Ethan's mother, Jennie A. Barker. The petition is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge

---

[1] Emanouil brings this action on behalf of himself and his minor son. A non-attorney parent must be represented by counsel in bringing an action on behalf of his child in federal court. See Ethan H. v. N.H., 968 F.2d 1210 (1st Cir. 1992) (unpublished) (holding that non-lawyer parent must be represented by counsel when bringing an action on behalf of his child); accord Cheung v. Youth Orchestra Foundation, Inc., 906 F.2d 59, 61 (2d Cir. 1990). Accordingly, I construe the petition to be filed on behalf of Emanouil only.

to preliminarily review *pro s e* pleadings).  For the reasons stated below, I recommend that the petition be dismissed without prejudice for lack of subject matter jurisdiction.

## Background

The claims in this action arise from state court child custody proceedings involving Emanouil, Barker and their minor son, Ethan.  Emanouil is a United States citizen and a resident of New Hampshire.  Barker is a United States citizen who is currently employed as a civilian employee with the Department of Defense ("DOD"), Osan Air Force Base, in South Korea; the record is silent as to her residency.

In August 2002, Barker was employed as a teacher in Laconia, New Hampshire, where she developed an intimate relationship with Emanouil.  After discovering that she was pregnant in the Summer of 2003, she entered into a one-year employment contract with the DOD in South Korea.  She and Emanouil planned on marrying following her return to the United States in the Summer of 2004.  Upon her arrival in South Korea in August 2003, Barker telephoned Emanouil and informed him that her employment contract required a two-year term.  Emanouil decided to end the relationship but subsequently traveled to South Korea for the birth of his son,

Ethan, on March 2, 2004.  It appears that Emanouil and Barker reconciled, secured a United States passport and birth certificate for Ethan, and returned to the United States in April 2004.  They never married, and on July 14, 2004 Barker left Emanouil and applied for sole legal and physical custody of Ethan through the New Hampshire state courts.

On August 19, 2004, the Plymouth Family Court granted Barker temporary physical custody of Ethan and permitted her to take Ethan to Taegu, South Korea in order to complete her teaching contract with the DOD.  On or about November 17, 2005, the Plymouth Family Court allegedly issued a final decree, granting Barker primary custody of Ethan and allowing him to live with her in South Korea.  Emanouil filed a subsequent appeal with the New Hampshire Supreme Court ("NHSC").  On December 4, 2006, the NHSC denied his appeal and upheld the final decision issued by the Plymouth Family Court.

Emanouil now brings the instant petition for federal habeas corpus relief, requesting this Court to grant him custody of Ethan or, in the alternative, to grant him overnight visitation rights.  He alleges that the denial of custody and visitation rights constitutes a violation of his federally protected rights.

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally and in favor of the pro se petitioner.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by a petitioner and the inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Emanouil's petition.

**Discussion**

I.   Habeas Corpus Claim

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a). The "in custody" requirement is jurisdictional and is satisfied if the petition is filed while the petitioner is in custody pursuant to the conviction or sentence being attacked. Spencer v. Kemna, 523 U.S. 1, 7 (1998)(citations omitted).

    Here, Emanouil has not alleged that he was incarcerated pursuant to a state court judgment or otherwise subjected to substantial restraints upon his liberty at any time relevant to the instant petition. Instead, he seeks to use the writ of habeas corpus to attack a state court order involving the custody of his minor son. His attempt to invoke federal habeas corpus jurisdiction under 28 U.S.C. § 2254 is precluded by the Supreme Court's decision in Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502 (1982). In Lehman, the Supreme Court held that federal courts have no jurisdiction in habeas corpus to determine a parent's right to custody of a minor child, even if it is alleged that custody was obtained by means that violate the federal constitution. Id. at 510-16; accord Stratton v. Iowa, No. C06-2069 LRR, 2006 WL 2989272 at *1 (N.D. Iowa Oct. 18, 2006). The term "custody," as used in the habeas statutes, does not refer to parental custody of a child or custody orders imposed by the state courts. Id. at 514-16. "A federal habeas

petition challenging a state court's child-custody determination, as in the situation here, simply seeks to relitigate the petitioner's parental rights." Rago v. Samaroo, 344 F. Supp. 2d 309, 315 (D. Mass. Nov. 5, 2004). As the First Circuit has held, "[i]t is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody." Hemon v. Office of Public Guardian, 878 F.2d 13, 14 (1st Cir. 1989)(citing Lehman, 458 U.S. at 502)). See also Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103, 1113 (1st Cir. 1978) (holding that "child custody rulings by themselves are not sufficient to trigger a federal habeas remedy on behalf of a dissatisfied mother."). Accordingly, I conclude that federal habeas corpus relief is not available to Emanouil.

II. Section 1983 Claim

To the extent Emanouil intends to bring a claim pursuant to 42 U.S.C. § 1983 and seeks review of the actions taken by the Plymouth Family Court, this Court is precluded from exercising jurisdiction over his claims under the Rooker-Feldman abstention doctrine[2]. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-

---

[2] In addition, this court may be precluded from exercising jurisdiction over this matter under the domestic relations exception to federal diversity jurisdiction. The exception "divests the federal courts of power to issue divorce, alimony,

16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).  Although the Supreme Court recently limited the scope of the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), the instant case falls within that limited reach.  Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments."  Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (citing Exxon Mobil, 125 S.Ct. at 1521; Feldman, 460 U.S. at 462; Rooker, 263 U.S. at 413).

After Exxon Mobil, the doctrine "now applies only in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment.'"

---

and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).  "The doctrine where it applies governs claims over child custody even where they are cloaked in the 'trappings' of another type of claim." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003)(citation omitted).  Because Emanouil has not invoked diversity jurisdiction and the relief sought here "more clearly offends another broader constraint on federal court authority," see id., I apply the Rooker-Feldman abstention doctrine.

Federacion de Maestros, 410 F.3d at 23-24 (citations omitted). When "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have 'ended.'" Id. at 24.

Here, Emanouil, filed this federal suit on May 31, 2007, requesting this Court to grant him custody and visitation rights with regard to his son.  On or about November 17, 2005, the Plymouth Family Court issued a final decree, ostensibly granting Barker primary custody of Ethan and allowing him to live with her in South Korea.  Emanouil filed a subsequent appeal with the New Hampshire Supreme Court ("NHSC").  On December 4, 2006, the NHSC denied his appeal and upheld the final decision issued by the Plymouth Family Court.  The instant suit, therefore, was filed after state proceedings had ended, thus meeting the test established in Exxon Mobil.

Besides the timing issue, deciding whether Rooker-Feldman bars Emanouil's federal suit also requires this Court to "determine what the state court held and whether the relief that the plaintiffs requested in their federal action would void the state court's decision or would require [this Court] to determine

8

that the decision was wrong." Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999). Here, the state courts made final custody decisions with regard to Emanouil's son. The relief now sought by Emanouil in this federal suit challenges the same custody decisions made by the New Hampshire state courts. He requests this Court to grant him custody of Ethan or, in the alternative, to grant him overnight visitation rights. The relief requested would necessarily require this Court to void the contrary state court decisions or determine that they were wrong. That is precisely what Rooker-Feldman precludes; indeed this Court is without subject matter jurisdiction to review a final state court judgment. See Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 33 n.7 (1st Cir. 2004); Mandel, 326 F.3d at 271. With a few exceptions not applicable here, only the United States Supreme Court is empowered to review a state court's final judgment. Exxon Mobil, 125 S. Ct. at 1526. As the court lacks subject matter jurisdiction, under the Rooker-Feldman doctrine, to review, modify or void the state courts' judgments, and given that Emanouil's suit seeks that very relief, I recommend that his claims be dismissed.

## Conclusion

For the foregoing reasons, I recommend that the petition be dismissed for lack of subject matter jurisdiction.

If this report and recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                          /s/ James R. Muirhead
                                          James R. Muirhead
                                          United States Magistrate Judge

Date: June 14, 2007
cc:   Stephen J. Emanouil, pro se