UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Stephen J. Emanouil[1]

    v.                                                Civil No. 07-cv-162-PB

Jennie A. Barker

**REPORT AND RECOMMENDATION**[2]

Pro se petitioner Stephen J. Emanouil objects (document no. 3) to my report and recommendation of June 14, 2007, recommending dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He also moves to amend his petition (document no. 4), seeking custody and visitation rights with regard to his minor son, Ethan W. Emanouil. Named as the

---

[1] Emanouil brings this action on behalf of himself and his minor son. Contrary to Emanouil's assertions, a non-attorney parent must be represented by counsel in bringing an action on behalf of his child in federal court. See Ethan H. v. N.H., 968 F.2d 1210 (1st Cir. 1992) (unpublished) (holding that non-lawyer parent must be represented by counsel when bringing an action on behalf of his child); accord Tindall v. Poultney High School Dist., 414 F.3d 281, 284 (2d Cir. 2005); Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 877 (3d Cir. 1991); Cheung v. Youth Orchestra Foundation, Inc., 906 F.2d 59, 61 (2d Cir. 1990). Accordingly, I construe the petition to be filed on behalf of Emanouil only.

[2] The underlying facts are set forth in my previous report and recommendation and will not be repeated here.

respondent is Ethan's mother, Jennie A. Barker.

For the reasons stated below and in my previous report and recommendation, I recommend that Emanouil's objection be denied. I further recommend that his amended petition be dismissed for lack of subject matter jurisdiction.

## Discussion

Emanouil seeks to use the writ of habeas corpus to attack a state court order involving the custody of his minor son. In my previous report and recommendation, I concluded that his attempt to invoke federal habeas corpus jurisdiction under 28 U.S.C. § 2254 was precluded by the Supreme Court's decision in Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510-16 (1982) (holding that federal courts have no jurisdiction in habeas corpus to determine a parent's right to custody of a minor child, even if it is alleged that custody was obtained by means that violate the federal constitution); accord Stratton v. Iowa, No. C06-2069 LRR, 2006 WL 2989272 at *1 (N.D. Iowa Oct. 18, 2006). Nothing in Emanouil's objection has altered the analysis set forth in my previous report and recommendation. I therefore recommend that his objection be denied as habeas corpus relief is not available to him. Because Emanouil's amended petition raises

claims that are nearly identical to those raised in his original petition, I recommend that his amended petition be dismissed for lack of subject matter jurisdiction.

To the extent Emanouil alleges claims pursuant to 42 U.S.C. § 1983 and seeks review of the actions taken by the Plymouth Family Court with regard to the custody of his minor son, I previously concluded that this court was precluded from exercising jurisdiction over his claims under the Rooker-Feldman abstention doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).  Nothing in Emanouil's objection has altered the analysis set forth in my previous report and recommendation.  Because his amended petition raises claims that are nearly identical to those raised in his original petition, I recommend that his amended petition be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, I recommend that Emanouil's objection (document no. 3) be denied and his amended petition (document no. 4) be dismissed for lack of subject matter jurisdiction.

If this report and recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: August 31, 2007
cc:   Stephen J. Emanouil, pro se